IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-310-FL

| | | |
|---|---|---|
| DANIEL K. MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SHANNON MCFERREN, KEII MAYO, | ) | |
| DENETHIA DEVEGA, and JESSICA | ) | |
| MEDLIN, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1, 6)[1] pursuant to 28 U.S.C. § 1915(e)(2)(B). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 8). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. However, plaintiff subsequently filed a second amended complaint. (DE 9). In this posture, the issues raised are ripe for ruling.

Upon careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R.

---

[1] The court refers to plaintiff's complaint and first amended complaint filed prior to the court's § 1915(e)(2)(B) review together as the operative complaint in this matter, consistent with the magistrate judge's treatment of the same.

Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The magistrate judge recommends dismissal of plaintiffs' claims for failure to state a claim upon which relief can be granted. Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error.

The court construes plaintiff's second amended complaint as a motion to amend. However, for the following reasons, plaintiff's second amended complaint also fails to state a claim under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's second amended complaint continues to assert claims under 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment, and 25 C.F.R. § 11.448 against Jessica Medlin and Nash County Adult Protective Services ("APS"). Plaintiff adds no factual allegations to cure the deficiencies stated in the M&R regarding these claims. Therefore, that part of plaintiff's motion is denied.

Plaintiff also claims defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. (DE 9 ¶ 17). Plaintiff alleges defendants gave "preferential treatment to Plaintiff's sister," an APS employee, and "prevent[ed] Plaintiff from communicating with his father." Id. Plaintiff's conclusory allegations fail to demonstrate that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Plaintiff also suggests APS violated his father's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101. (DE 9 ¶ 18). As an unrepresented party, plaintiff may not assert claims on behalf of his father. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400

(4th Cir. 2005) ("The right to litigate for oneself, however, does not create a coordinate right to litigate for others."). Thus, that part of plaintiff's motion seeking to add new federal claims is denied.

Plaintiff further seeks appellate review of a state court judgment by alleging "the trial court erred by granting guardianship based on false allegations." (DE 9-1 at 1). However, this court "has no authority to review final judgments of a state court in judicial proceedings." D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

Finally, plaintiff asserts common law intentional infliction of emotional distress and defamation claims against defendants. (DE 9 at 3, DE 9-1 at 3). Because the court dismisses plaintiff's claims arising under federal law, the court has no basis to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367. Therefore, the remaining parts of plaintiff's motion are denied.

In sum, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's claims are DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's second amended complaint, construed as a motion for leave to amend, is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 7th day of October, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge